UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

QUANDELL HICKMAN,

                Plaintiff,

-against-

HON. ANGELA J. BADAMO, N.Y.C. SUPREME COURT PART 53,

                Defendant.

24-CV-1751 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated at the Otis Bantum Correctional Center on Rikers Island, brings this action *pro se*. He asserts claims, under 42 U.S.C. § 1983, for damages against a state court judge. By order dated March 18, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

these grounds, the Court is obliged to construe *pro se* pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following allegations are drawn from the amended complaint. Plaintiff Quandell Hickman alleges that Judge Angela J. Badamo violated his due process rights during his "entire proceeding from décor, to [his] rights even to [his] baby sneezing in court." (ECF 6 at 1.) According to Plaintiff, Judge Badamo, among other things: "allowed and condoned systemic demesion"; "exonerated [his] bail illegally and illegally remanded [him] for a 730 pysch report"; "illegally forced a mistrial"; tried to "hide corruption"; "allowed redacted videos that paint a negative and untruthful narrative"; allowed an illegal immigrant who had been "arrested for fraud" and who "needs a visa" to testify; and allowed witnesses to "bring up" Plaintiff's prior felony convictions. (*Id.* at 2-3.) Plaintiff does not specify the relief he seeks in the amended complaint, but in his original complaint, he requested $1 billion in damages, and to have "everyone arrested and charged to the highest extent of the law!" (ECF 1 ¶ VI.)

## DISCUSSION

**A.     Judicial immunity**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from

liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Judge Badamo acted outside of her judicial capacity or that she engaged in actions for which she lacked jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Judge Badamo for "acts arising out of, or related to, individual cases" before her, she is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Badamo because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].").[2]

---

[2] Plaintiff cannot properly seek injunctive relief against Judge Badamo under Section 1983 because that statute permits injunctive relief against a judge only if a declaratory decree was violated or declaratory relief is unavailable. Declaratory relief is available to Plaintiff because he may appeal Judge Badamo's decisions to the New York Supreme Court, Appellate Division, First Department, and to the New York Court of Appeals. *See generally Berlin v. Meijias*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. Apr. 18, 2018) (effective May 18, 2018).

Even if Judge Badamo was not immune from suit for claims for injunctive relief, the Court would still be precluded from granting Plaintiff any injunctive relief against Judge Badamo that, if successful, would cause this Court to intervene in Plaintiff's pending state court criminal proceedings. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the

### B.     Claims seeking release and dismissal of criminal charges

To the extent Plaintiff seeks release from incarceration and dismissal of the charges against him, he should be aware that a civil rights action is not the proper vehicle for seeking release from custody. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (holding that a petition for a writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement). Moreover, state courts must be given the first opportunity to review the constitutional errors that a petitioner wishes to raise in federal court in a petition for a writ of *habeas corpus*. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). Thus, before bringing constitutional claims in federal court in a *habeas corpus* petition, a petitioner must present his claims to the state court for review. The relief that Plaintiff seeks is unavailable in this civil rights action, and the Court declines to recharacterize Plaintiff's claims as a petition for a writ of *habeas corpus* because he has not articulated any basis for his release from custody or for dismissal of his pending state criminal charges and makes no allegations that he presented such claims in state court. The Court therefore dismisses Plaintiff's Section 1983 claims seeking release from custody, without prejudice to his raising them in a petition for a writ of *habeas corpus*.

---

United States held that a federal court may not enjoin a pending state court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state court criminal proceedings. The Court will therefore not intervene in those proceedings, and additionally dismisses, under the *Younger* abstention doctrine, any of Plaintiff's claims against Judge Badamo for injunctive relief that, if successful, would cause this Court to intervene in those proceedings.

**C.    Prosecuting criminal charges against Defendant**

Plaintiff cannot prosecute criminal charges against Judge Badamo or any other defendant because the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman,* 454 U.S. 83, 87 (1981). Prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). The Court therefore denies Plaintiff's request for relief asking that defendant or anyone else be criminally prosecuted and jailed.

**D.    Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Because the submission makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this case.

SO ORDERED.

Dated: July 8, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

6